**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: <br> Logan Beck <br>     Debtor. | Case No. 25-11438 MER <br> Chapter 7 |
| Travis Johnson <br>     Plaintiff, <br> v. <br> Logan Beck <br>     Defendant. | Adversary No. 25-01193 MER |

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

     THIS MATTER comes before the Court on the Motion to Dismiss Adversary Proceeding ("**Motion**") filed by the Debtor.[1]  No objections or responses to the Motion were filed.

**BACKGROUND**

     Travis Johnson ("**Johnson**") initiated this adversary proceeding against the Debtor pursuant to § 727(a)(2), (a)(3), (a)(4), (a)(5), (a)(6), and (a)(7).[2]  Johnson is a creditor of the Debtor by virtue of a judgment obtained against the Debtor in the County Court for Denver County, Colorado ("**County Court Case**").[3]  Johnson asserts, among other things, the Debtor should be denied his discharge in its entirety because the Debtor "demonstrated a pattern of incomplete financial disclosure and contradictory financial findings with the Denver County Court ("**County Court**") and the creditors at the meeting of creditors."[4]  In particular, Johnson asserts the Debtor failed to disclose his ownership of Acme Revival, Inc. ("**Acme**"), as well as several luxury vehicles, to the County Court after he was ordered to complete post-judgment interrogatories.[5]

---

[1] ECF No. 6.

[2] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[3] Case No. 20S00521

[4] ECF No. 1, ¶ 11.

[5] *Id.*, ¶¶ 8, 14, & 16.

Johnson also alleges the Debtor did not satisfactorily explain his current financial condition to the Chapter 7 Trustee ("**Trustee**") during his § 341 Meeting of Creditors, and did not provide the Trustee with his 2024 tax returns.[6]

The Debtor filed the instant Motion on July 7, 2025. The Debtor asserts Johnson's complaint should be dismissed because Johnson failed to state a claim upon which relief can be granted, and Johnson failed to plead his fraud claims with particularity.[7]

## ANALYSIS

Pursuant to Fed. R. Civ. P. 12(b)(6):

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . . failure to state a claim upon which relief can be granted. . .

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff.[8] A complaint will be dismissed unless it "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[11]

The determination of whether to dismiss a complaint under Rule 12(b)(6) is a two-pronged approach.[12] The first prong rests on the tenet that while a court must accept as true all factual allegations contained in a complaint, it need not accept legal conclusions.[13] "Threadbare recitals of the elements of a cause of action, supported by

---

[6] *Id.*, ¶¶ 9 & 15.

[7] ECF No. 6; Fed. R. Civ. P. 9(b) & 12(b)(6).

[8] *In re Matt Garton & Assoc.*, Adv. Pro. No. 21-1215-TBM, 2022 WL 711518, at *3 (Bankr. D. Colo. Feb. 14, 2022) (*citing Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Id.*

[11] *Id.*

[12] *Id.* at 679.

[13] *Id.* at 678.

mere conclusory statements, do not suffice."[14]  Second, only a complaint that states a plausible claim for relief will survive a motion to dismiss.[15]  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense.[16]  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but not shown, that the pleader is entitled to relief.[17]

## A. Claims Under Sections 727(a)(2) and (a)(4)

Along with the other pleading requirements required to survive a motion to dismiss, a party alleging fraud or mistake must also state with particularity the circumstances constituting fraud or mistake.[18]  To meet this standard, a plaintiff must describe the who, what, when, where, and how of the alleged fraud.[19]

### 1. Section 727(a)(2)

Section 727(a)(2) prohibits a debtor from receiving a discharge if the debtor transferred, removed, mutilated, or concealed property within one year before the filing of the petition with the intent to "hinder, delay, or defraud a creditor or an officer of the estate."[20]  Because there is a fraud element, a claim under § 727(a)(2)(A) must meet the heightened pleading requirements of Rule 9.[21]  In particular, the complaint must allege:  (1) that the debtor committed one of the predicate acts and specify which of the predicate acts was committed; (2) specify the property at issue and indicate whether it was property of the estate or property of the debtor; (3) specify that the transfer occurred in the applicable time period; and (4) allege that the debtor committed the predicate act with the necessary specific intent.[22]

---

[14] *Id.*

[15] *Id.* at 679.

[16] *Id.*

[17] *Id.*; Fed. R. Civ. P. 8(a)(2).

[18] Fed. R. Civ. P. 9(b) (incorporated by Fed. R. Bankr. P. 7009).

[19] *In re Schamens*, 666 B.R. at 533 (*quoting U.S. ex rel. Wilson v. Kellog Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotations omitted); *In re Tesler*, 647 B.R. 710, 716 (Bankr. N.D. Ill. 2023) (when alleging fraud, a complaint must contain the identity of the person making the representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.)

[20] 11 U.S.C. § 727(a)(2)(A). Johnson did not specify whether he is bringing a claim under subsection 727(a)(2)(A) or (a)(2)(B).  Based on the allegations in the complaint, the Court assumes he is bringing his claim under § 727(a)(2)(A).

[21] *In re Hiller*, 482 B.R. 462, 470-71 (Bankr. D. Mass. 2012).

[22] *Id.* at 470.

Johnson has not pleaded his § 727(a)(2)(A) claim with the particularity required by Rule 9. Johnson only alleges the Debtor failed to disclose his ownership of Acme, as well as several high-end vehicles, in post-judgment interrogatories filed in the County Court Case on August 5, 2024.[23] Johnson doesn't make any allegations regarding whether the Debtor acted with the intent to defraud Johnson or any other creditor. Because Johnson's § 727(a)(2)(A) claim does not meet the required pleading requirements, it must be dismissed.

2. *Section 727(a)(4)*

Pursuant to § 727(a)(4), a debtor may not receive a discharge if

"the debtor knowingly and fraudulently, in or in connection with the case – (a) made a false oath or account; (b) presented or used a false claim; (c) gave, offered, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or (d) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

Because there is a "knowingly fraudulent" element, a claim under § 727(a)(4) must also meet the heightened pleading requirements of Rule 9.[24] Here, Johnson did not plead his § 727(a)(4) claim with particularity, nor do any of the facts Johnson alleges support such a claim. Johnson alleges the Debtor failed to disclose his ownership of Acme as well as several expensive vehicles in post-judgment interrogatories ordered by the County Court.[25] Johnson provides no other details regarding these omissions. However, even if Johnson had provided sufficient details to meet the Rule 9 standard, his § 727(a)(4) claim would not be plausible because § 727(a)(4) requires the debtor to make a knowingly fraudulent statement in connection with the debtor's bankruptcy case.[26] Even if the Court were to take the allegations supporting Johnson's § 727(a)(4) claim as true, the statements the Debtor made that were allegedly fraudulent were made in connection with the County Court Case, not the underlying bankruptcy case. Johnson even admits the Debtor was forthcoming about Acme and the vehicles with the Trustee.[27] Therefore, Johnson's § 727(a)(4) is not plausible and must be dismissed.

---

[23] ECF No. 1, ¶¶ 8 & 12.

[24] *In re Schamens*, 666 B.R. 521, 533 (Bankr. M.D. N.C. 2024).

[25] ECF No. 1, ¶¶ 8 & 14.

[26] 11 U.S.C. § 727(a)(4).

[27] ECF No. 1, ¶¶ 8 & 14.

**B. Johnson's Remaining Claims**

To survive the Debtor's Motion to Dismiss, Johnson's remaining claims under §§ 727 (a)(3), (a)(5), (a)(6), and (a)(7) must be supported with enough factual allegations that, taken as true, show that the claims are facially plausible.[28]

1. *Section 727(a)(3) Claim*

Pursuant to § 727(a)(3), a debtor may not receive a discharge if the debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information from which the debtor's financial condition or business transactions might be ascertained. Section 727(a)(3) creates an affirmative duty on the debtor to keep and preserve records from which his bankruptcy can be administered.[29] A debtor must provide creditors and the trustee with enough information to ascertain the debtor's financial condition with substantial completeness and accuracy.[30] At this stage, a plaintiff does not need to provide evidence regarding what documents were requested and could not be obtained, nor is a plaintiff required to allege which records should have been kept but are missing.[31] Rather, a plaintiff only needs to make well-pleaded allegations that the Court can draw on and make reasonable inferences from in the light most favorable to the plaintiff.[32]

Johnson's only allegations in support of this claim are that the Debtor falsified his interrogatories in the County Court Case by not disclosing Acme or his vehicles, and that garnishment paperwork filed by the Debtor contradicted his interrogatories.[33] Even taking these allegations as true, they are not enough to support a § 727(a)(3) claim. The Court cannot see how such omissions or contradictions would prevent the Debtor's bankruptcy case from being administered, especially when Johnson also alleges the Debtor was forthcoming with this information to the Trustee and makes no allegation the information provided to the Trustee is inaccurate. As such, Johnson's § 727(a)(3) claim is not plausible and must be dismissed.

2. *Section 727(a)(5)*

Section 727(a)(5) states that a court will grant the debtor a discharge unless the debtor has failed to satisfactorily explain any loss of assets or deficiency of assets to meet the debtor's liabilities. "It is insufficient to merely allege that the debtor has failed

---

[28] *Ashcroft*, 556 U.S. at 678.

[29] *In re Tesler*, 647 B.R. at 720 *(citing Matter of Juzwiak*, 89 F.3d 424, 427-28 (7th Cir. 1996).

[30] *Id.*

[31] *In re Tesler*, 647 B.R. at 720.

[32] *Id.*

[33] ECF No. 1, ¶¶ 8, 10, & 13.

5

to explain losses, the plaintiff must produce some evidence of an identifiable asset loss."[34]

Johnson alleged no facts to support his § 727(a)(5) claim. Johnson only states in a conclusory fashion that "the Debtor did not explain his current financial condition to any satisfactory degree or with any evidence to support his claim of bankruptcy."[35] Johnson fails to provide any further allegations explaining why the Debtor's explanation was insufficient and fails to identify any particular asset loss. As such, Johnson's § 727(a)(5) claim must be dismissed.

3. Section 727(a)(6)

A debtor will be denied a discharge under § 727(a)(6) if

"the debtor has refused, in the case: (a) to obey a lawful order of the court, other than an order to respond to a material question or testify; (b) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify; or (c) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify."[36]

"To decide whether a debtor's discharge should be denied under § 727(a)(6)(A), the court should only consider orders entered in the present case."[37] To deny a discharge under § 727(a)(6)(A), the court must find that the debtor's lack of compliance was willful and intentional.[38] The objection party may meet its burden by showing the debtor received an order and failed to comply with its terms.[39]

Even if the Court were to accept the facts Johnson alleges as true, they would not support a claim under § 727(a)(6)(A). The order Johnson alleges the Debtor failed to obey is an order of the County Court, not this Court.[40] Johnson also alleges the Debtor "refused to supply current financial information at the meeting of creditors."[41]

---

[34] *In re Carter*, 236 B.R. 173, 181 (Bankr. E.D. Pa. 1999).

[35] ECF No. 1, ¶ 15.

[36] 11 U.S.C. §§ 727(a)(6)(A)-(C). Again, Johnson does not specify which subsection of § 727(a)(6) he is bringing his claim under. Based on the allegations, the Court assumes Johnson's claim is under subsection 727(a)(6)(A).

[37] *In re Coffey*, 647 B.R. 365, 392 (Bankr. E.D. Ark. 2022) (*citing First Neb. Bank v. Poppe (In re Poppe)*, No. A16-4019, 2017 WL 27924, at *2 (Bankr. D. Neb. Jan. 3, 2017)).

[38] *Id.*

[39] *Id.*

[40] ECF No. 1, ¶ 16.

[41] *Id.*

However, Johnson makes no allegation the Debtor was ordered to/instructed to provide such information. Because the facts alleged do not lead the Court to believe Johnson's § 727(a)(6)(A) claim is plausible, it must be dismissed.

4. *Section 727(a)(7)*

Johnson's final claim for relief is a claim under § 727(a)(7). Section 727(a)(7) prohibits a debtor from receiving a discharge if the debtor committed any act specific in paragraphs (2), (3), (4), (5), or (6) of this subsection on or within one year before the petition date, or during the case, in connection with another bankruptcy case concerning an insider. A denial of discharge under § 727(a)(7) is proper if the plaintiff can prove: (1) the debtor committed an objectionable act under §§ 727(a)(2) through (a)(6); (2) the objectional act occurred on or within one year before the petition date or during the debtor's bankruptcy case; and (3) the act was committed in connection with another bankruptcy case concerning an insider.[42]

As stated above, Johnson has not alleged sufficient facts to support his claims under §§ 727(a)(2), (a)(4), (a)(5), or (a)(6). Johnson also makes no allegations regarding whether any of these acts were committed in connection with another bankruptcy case concerning an insider of the Debtor. Therefore, Johnson's § 727(a)(7) claim must be dismissed.

## LEAVE TO AMEND

Pursuant to Fed. R. Civ. P. 15 (incorporated by Fed. R. Bankr. P. 7015), a party may amend its pleading with the Court's leave. Leave to amend should be freely given when justice so requires. "The court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[43] "This policy is to be applied with extreme liberality, and the rule favoring liberal application is particularly important for the *pro se* litigant."[44]

Although Johnson did not request leave to amend, the Court believes the Complaint could possibly be cured by the allegation of other facts. Therefore, the Court will grant Johnson leave to amend the Complaint to add additional details.

## CONCLUSION

For the reasons stated above the Court ORDERS, the Debtor's Motion to Dismiss is GRANTED. The Court

---

[42] *In re Breedlove*, 545 B.R. 359, 380 (Bankr. M.D. Ga. 2016).

[43] *In re Richards*, 655 B.R. 782, 798 (9th Cir. BAP. 2023) (*quoting Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

[44] *Id.* (internal quotations omitted).

7

FURTHER ORDERS Johnson is granted leave to amend his Complaint. Johnson shall file an amended complaint on or before **September 25, 2025**.[45]

Dated September 10, 2025

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[45] The filing and prosecution of a Rule 7001 complaint objecting to discharge or dischargeability and the procedures and practices associated with prosecuting such a complaint are extremely complex. It is difficult to proceed successfully with such litigation without the help of competent legal counsel. Also, please review Fed. R. Bankr.P. 7008 and 7010.